**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ENCHANTED IP LLC,                          PATENT

            Plaintiff,

                           Civil Action No. _____

    v.

ANKER INNOVATIONS LIMITED;                 **ORIGINAL COMPLAINT FOR**
ANKER TECHNOLOGY CORPORATION;              **PATENT INFRINGEMENT**
AND FANTASIA TRADING, LLC D/B/A
ANKER DIRECT,
                 Defendants.

---

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Enchanted IP LLC ("Enchanted" or "Plaintiff"), through its undersigned attorneys, sues Defendants, Anker Innovations Limited, Anker Technology Corporation, and Fantasia Trading, LLC d/b/a Anker Direct ("Anker" or "Defendantss"), and alleges:

**NATURE OF THE ACTION**

1.      This is an action for infringement of U.S. Patent No. 6,194,871, ("the '871 patent"), arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. §§ 271 and 281.  This action relates to the unauthorized making, using, offering for sale, selling, and/or importing of unauthorized products that infringe the claims of the '871 patent.  As set forth herein, Plaintiff brings this action to enjoin Defendants from infringing the '871 patent and to recover all damages associated with the infringement of the '871 patent, including attorneys' fees and costs.

## PARTIES

2.      Enchanted is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 6205 Coit Rd, Ste 300 - 1030, Plano, TX 75024-5474.

3.      Upon information and belief, Defendant Fantasia Trading LLC d/b/a AnkerDirect is organized and incorporated under the laws of the State of Delaware.  Mr. Meng (Steven) Yang is the Chief Executive Officer of Fantasia Trading, LLC.  Fantasia Trading LLC is Anker Innovations Limited's wholly owned subsidiary.  Fantasia Trading LLC's activities are under the control and direction of its parent Anker Innovations Limited.

4.      According to Amazon, "AnkerDirect is the sole authorized seller of authentic Anker products (other than Amazon) on the Amazon platform." Fantasia uses the rademark that Anker Innovations Limited owns in connection with its Amazon seller profile.

5.      Fantasia Trading LLC does business as "AnkerDirect" which is the name connected to the seller profile for the Anker products on Amazon. Fantasia Trading LLC is the Anker distributor in the United States, and it handles financial transactions between Anker and internet customers, including listing itself as the seller of Anker products on such websites as amazon.com.

6.      Defendant Anker Technology Corporation is a corporation organized and incorporated under the laws of the State of Delaware.  Mr. Yang is its founder, President and Chief Executive Officer.  Anker Technology Corporation is Anker Innovations Limited's wholly owned subsidiary.  Anker Technology Corporation's activities were under the control and direction of its parent Anker Innovations Limited.  Anker Technology Corporation marketed, imported, distributed, warranted and sold the accused products throughout the United States, including Delaware.

7.      Defendant Anker Innovations Limited is organized under the laws of Hong Kong having a principal place of business at Room 1318-19, Hollywood Plaza, 610 Nathan Road, Mongkok, Kowloon, Hong Kong SAR, People's Republic of China.  Mr. Yang is the founder of Anker Innovations Limited and is the company's Director. Anker Innovations Limited's website shows that it has an office at 400 108th Avenue NE, Suite 400, Bellevue, Washington 98004. Prior to November 28, 2017, Anker Innovations Limited was named Anker Technology Co., Limited. Although its name changed on November 28, 2017, its corporate structure and business remained the same.  Anker Innovations Limited designed and manufactured the accused products for export and sale throughout the world, including the United States and Delaware.  Anker Innovations Limited sold the accused products throughout the United States and Delaware directly or through its subsidiaries.

8.      Anker Innovations Limited exercises substantial control over its foregoing subsidiaries' functions, employees and decisions-making processes.  Anker Innovations Limited directed, controlled and/or encouraged its subsidiaries to engage in the conduct that is the subject of this Complaint.

9.      The foregoing entities operate not as separate corporate entities but as a single enterprise, thereby making Anker Innovations Limited liable for the subsidiaries' conduct. Anker Innovations Limited operates a hierarchical corporate structure wherein it treats its subsidiaries not as separate corporate entities under their own control but as its divisions.

**JURISDICTION AND VENUE**

10.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq,* and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Court under 28 U.S.C. §§ 1391, and 1400(b).

11.    Upon information and belief, this Court has personal jurisdiction over Anker, because, *inter alia*, Anker has a principal place of business in this district.

12.    Upon information and belief, Anker regularly and continuously transacts business within the State of Delaware, including availing itself of the privilege of conducting business in the State of Delaware by developing, manufacturing, marketing, and/or selling its Anker products there for use by Delaware citizens.  Upon information and belief, Anker derives substantial revenue from its sales including residents in the State of Delaware.  For instance, Anker offers its products for sale online to customers, including customers in Delaware.  *See* https://www.anker.com/products/variant/powercore--26800-pd-with-30w-power-delivery-charger/B1375112.

13.    Upon information and belief, Anker will directly and/or through its employees or agents, and/or its customers, uses products, as defined below, that contain each and every element of at least one claim of the '871 patent with the knowledge and/or understanding that such products are used or will be used in this District. For example, Defendants offers the accused product to customers in Delaware through its website. *See id*. Upon information and belief, Defendants has engaged in substantial and not isolated activity within the district.  For these reasons, exercise of jurisdiction over Defendants is proper and will not offend traditional notions of fair play and substantial justice.

14.    Regarding at least some of its activities, Defendants solicit business from and markets its products to consumers within Delaware by providing a product that verifies an assignment of a user, as described in the '871 patent.

15.    In addition to Defendants's continuously and systematically conducting business in Delaware, the causes of action against Defendants are connected (but not limited) to Defendants's purposeful acts committed in the State of Delaware including Defendants's use of a

charge and discharge control circuit for an external secondary battery, as described in the '871 patent.

16.     Defendants are companies that have a regular and established presence in the district and makes and uses a product that is a charge and discharge control circuit for an external secondary battery that meets each and every claims of at least claim of the '871 patent.

17.     For the reasons set forth above, venue is proper in this judicial district under both 28 U.S.C. § 1400(b) because Defendants have committed acts of infringement and has a regular and established place of business in this district.

**BACKGROUND**

18.     On February 27, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '871 patent, entitled "Charge and discharge control circuit and apparatus for secondary battery" after a full and fair examination. *See* Exhibit A.

19.     Enchanted is presently the owner of the patent, having received all right, title and interest in and to the '871 patent from the previous assignee of record.  Therefore, Enchanted, as the owner of the entire right, title and interest in the '871 patent, possesses the right to sue for infringement of the '871 patent to recover past and present damages, as well as seek an injunction or reasonable royalties against future infringement.

**THE '871 patent**

20.     The '871 patent contains a total of eighteen (18) claims: two (2) independent claims and sixteen (16) dependent claims.

21.     The '871 patent claims a charge and discharge control circuit for an external secondary battery.

22.     Defendants commercializes, inter alia, charge and discharge control circuit for an external secondary battery that include each and every element and/or performs each and every step of at least one claim of the '871 patent

23.     The '871 patent will expire no earlier than April 24, 2020.

24.     The '871 patent discloses and claims, in part, an invention that "relates to a charge and discharge control circuit and an apparatus for preventing overcharge and overdischarge in a secondary battery pack such as a lithium-ion secondary battery used in various types of portable equipment. The present invention particularly relates to a charge and discharge control circuit and an apparatus which are optimum in view of battery life and ensuring the safety of a battery." *See* Exhibit A at Col. 1, lines 8-14.

25.     The invention disclosed and claimed in the '871 patent solved at least one technical issue associated with the art of battery life and battery safety.  For example, the invention provides "a charge and discharge control circuit an apparatus for a secondary battery capable of simultaneously solving the two problems in conformity with each other, i.e., preventing a battery from being erroneously charged by another battery pack even if a plurality of battery packs are connected in parallel and, at the same time, recharging the battery even after battery voltage is completely discharged." *See id.* at Col. 4, lines 39-46.  As such, the invention disclosed and claimed in the '871 patent represents a technical solution to a problem charging and discharging of battery technology.

**INFRINGEMENT BY ANKER AND ITS CUSTOMERS**

26.     The accused products include, but are not limited to, Anker's PowerCore+ product ("the Accused Products").   Anker makes, offers for sale, sells, and/or imports the Accused Product.  This constitutes direct infringement by Anker of the claims.  *See* Exhibit A.

27.     The Accused Product has all of the elements recited in claim 1 of the '871 patent.

https://www.anker.com/products/variant/powercore--26800-pd-with-30w-power-delivery-

charger/B1375112.

28.     Specifically, the Accused Product is a charge and discharge control circuit (e.g.,

Anker's MultiProtect technology within their PowerCore portable charger)  for an external

secondary battery (e.g. the battery within a device the accused product is charging), the charge

and discharge control circuit making an external charge control switch nonconductive (e.g., stop

power bank from charging the device)  based on that an overcharge state of the external

secondary battery is detected and interrupting a charge operation of the external secondary

battery,   the   charge   and   discharge   control   circuit.     *Id*.;   *see   also*

https://www.anker.com/products/variant/powercore--26800-pd-with-30w-power-delivery-

charger/B1375112;     https://www.anker.com/products/variant/powercore--26800-pd-with-30w-

power-delivery-charger/B1375112;     https://www.anker.com/deals/multi-protect?country=us;

http://blog.ravpower.com/2018/10/leave-phone-connected-to-power-bank/;

http://blog.ravpower.com/2018/09/busting-myths-about-power-banks/.

- 8 -

Highlights

PowerCore+ 26800 PD

The Premium Portable Charger with Power Delivery

From ANKER, America's Leading USB Charging Brand

- Faster and safer charging with our advanced technology

- 20 million+ happy users and counting

Power In Numbers

Dual 5V/3A USB ports with PowerIQ technology offer faster charging speeds for phones and tablets. The USB-C port offers total Power Delivery support, charging compatible devices such as MacBook (C-to-Lightning cable required for iPhone 8).

Set Yourself Free

26,800mAh is enough to keep your phones and tablets charged for a week or give your USB-C laptop over 1 full charge.

Triple-Speed Recharge

Using the included USB-C wall charger, PowerCore+ 26800 PD utilizes a huge 27 watts of power to fully charge in just over 4 hours. That's 3x faster than other portable chargers of this capacity.

Superior Safety

Anker's MultiProtect technology combines surge protection, short circuit prevention and other advanced safety features to keep you and your devices safe.



## Overcharge Protection

That idea of a battery significantly degrading due to overcharging **was viable years back**. This however **doesn't apply to the modern devices and power banks**, at least if you use the right one.

Quality power banks feature **overcharge protection.** This is a form of technology that protects your phone battery from overcharging when connected to a power bank. It involves putting in place a power circuit that detects the upper limit of the terminal voltage. When the circuit realizes that your battery has reached its limit, **voltage is cut off**. This means that your power bank will not continue charging a full battery, averting the concern whether your phone is safe when connected to a power bank.



29.     Upon information and belief, the Accused Product comprises a charge control element (e.g., Anker's MultiProtect technology) for making the charge control switch conductive (e.g., automatically turns power on when connected to a device) when a first voltage not less than a predetermined voltage (e.g., minimum voltage required to identify a connection of a device) is applied to a detection terminal for detecting whether a charger is connected thereto or

not, thereby making the charge operation of the secondary battery possible. https://d2211byn0pk9fi.cloudfront.net/spree/accessories/attachments/72520/A1375_Manual_65 X90mm_20180119-V03.pdf?1533028744; https://www.anker.com/products/variant/powercore--26800-pd-with-30w-power-delivery-charger/B1375112.

⚠ To preserve battery lifespan, use and recharge at least once every 4 months.
Bitte verwenden und laden Sie den Akku mindestens alle 4 Monate um die Lebensdauer zu erhalten.
バッテリーの寿命を長く保つために、少なくとも4ヶ月に一度使用および満充電してください。
Pour préserver la durée de vie de la batterie, utilisez et rechargez-la au moins une fois tous les 4 mois.
Per estendere la vita della batteria, utilizzarla e ricaricarla almeno una volta ogni 4 mesi.
Para prolongar la vida útil de la batería, usar y recargar al menos una vez cada 4 meses.
Para preservar a vida útil da bateria, utilize e recarregue, pelo menos, uma vez a cada 4 meses.
Чтобы продлить срок службы аккумулятора, используйте и заряжайте его не менее одного раза в 4 месяца.
为保证电池使用寿命，请每四个月至少使用和给产品充电一次。
للحفاظ على عمر البطارية، من المستحسن استخدامها وشحنها مرة واحدة على الأقل كل 4 أشهر.





- Charge your phone or tablet
Ihr Handy oder Tablet laden
お使いの携帯電話やタブレットを充電
Rechargez votre téléphone ou tablette
Carica il tuo cellulare o tablet
Cargar tu móvil o tableta
Carregar o telemóvel ou tablet
Зарядка телефона или планшета
给手机或平板充电
اشحن الهاتف أو التابلت الخاص بك

- Recharge your PowerCore+
Ihren PowerCore+ laden
PowerCore+本体の充電
Rechargez votre PowerCore+
Ricarica il tuo PowerCore+
Recargar tu PowerCore+
Recarregar o PowerCore+
Зарядка PowerCore+
给PowerCore+充电
أعد شحن PowerCore+ الخاص بك

▸2                                                        ▸3



30.    The Accused Product comprises a charge control element (e.g., Anker's MultiProtect technology) for making the charge control switch nonconductive (e.g., stopping the power bank from charging the device) when a second voltage not more than the predetermined voltage (e.g., voltage must be less than the overcharge detection threshold voltage) is applied to the detection terminal, thereby making the charge operation of the secondary battery (e.g., a battery pack in a connected device) impossible.  Upon information and belief, in order to prevent a connected external device from overcharging, the accused product disconnects the charge control switch when the predetermined threshold voltage, or a voltage slight less than the said threshold is detected.   https://www.anker.com/products/variant/powercore--26800-pd-with-30w-power-delivery-charger/B1375112;        https://www.anker.com/deals/multi-protect?country=us; https://www.anker.com/products/variant/powercore--26800-pd-with-30w-power-delivery-charger/B1375112;    http://blog.ravpower.com/2018/10/leave-phone-connected-to-power-bank/; http://blog.ravpower.com/2018/09/busting-myths-about-power-banks/.

- 12 -

## Highlights

**PowerCore+ 26800 PD**

The Premium Portable Charger with Power Delivery

**From ANKER, America's Leading USB Charging Brand**
- Faster and safer charging with our advanced technology
- 20 million+ happy users and counting

**Power In Numbers**

Dual 5V/3A USB ports with PowerIQ technology offer faster charging speeds for phones and tablets. The USB-C port offers total Power Delivery support, charging compatible devices such as MacBook (C-to-Lightning cable required for iPhone 8).

**Set Yourself Free**

26,800mAh is enough to keep your phones and tablets charged for a week or give your USB-C laptop over 1 full charge.

**Triple-Speed Recharge**

Using the included USB-C wall charger, PowerCore+ 26800 PD utilizes a huge 27 watts of power to fully charge in just over 4 hours. That's 3x faster than other portable chargers of this capacity.

**Superior Safety**

Anker's MultiProtect technology combines surge protection, short circuit prevention and other advanced safety features to keep you and your devices safe.



- 13 -



## Overcharge Protection

That idea of a battery significantly degrading due to overcharging **was viable years back**. This however **doesn't apply to the modern devices and power banks**, at least if you use the right one.

Quality power banks feature **overcharge protection.** This is a form of technology that protects your phone battery from overcharging when connected to a power bank. It involves putting in place a power circuit that detects the upper limit of the terminal voltage. When the circuit realizes that your battery has reached its limit, **voltage is cut off**. This means that your power bank will not continue charging a full battery, averting the concern whether your phone is safe when connected to a power bank.



31.    As shown in paragraphs 1 through 30 above, the Accused Product as installed on a mobile device contains all of the elements of at least claim 1 of the '871 patent. Defendants's Accused Product is enabled by invention described and claimed in the '871 patent.

**COUNT I**

**(DIRECT INFRINGEMENT OF THE '871 PATENT BY ANKER)**

32.    Each of the preceding paragraphs 1 through 31 are realleged and incorporated as if fully set forth.

33.    In violation of 35 U.S.C. § 271, Defendants are now, and has been directly infringing the '871 patent.

34.    Defendants have had knowledge of infringement of the '871 patent, or will have knowledge of infringement of the '871 patent upon the service of this Complaint.  Defendants's infringement of the '871 patent will thus be knowing and intentional at least upon the service of this Complaint.

35.    Defendants have directly infringed and continues to directly infringe at least claim 1 of the '871 patent by making, using, offering to sell, selling, and/or importing the Accused Product with a mobile device without authority in the United States.  Defendants do not have a license or authorization to use any product covered by the claims of the '871 patent.

36.    As a direct and proximate result of Defendants's direct infringement of the '871 patent, Plaintiff has been and continues to be damaged.

37.    By engaging in the conduct described herein, Defendants have injured Enchanted and is thus liable for direct infringement of the '871 patent, pursuant to 35 U.S.C. § 271(a).

38.    As a result of Defendants's infringement of the '871 patent, Enchanted have suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants's past infringement, together with interests and costs.

39.    If infringement of the '871 patent by Anker is not enjoined, Enchanted will suffer substantial and irreparable harm now and in the future for which there is no adequate remedy at law.

**DEMAND FOR JURY TRIAL**

40.    Enchanted demands a trial by jury of all causes of action that are so triable.

**REQUEST FOR RELIEF**

WHEREFORE, Enchanted respectfully requests that this Court grant the following relief:

1.    That Defendants be adjudged to have infringed the '871 patent directly, literally and/or under the doctrine of equivalents;

2.    An order permanently enjoining Anker, its affiliates, subsidiaries, and each of its officers, agents, servants and employees, and those acting in privity or concert with it, from making, using, offering to sell, or selling in the United States, or importing into the United States, the Accused Product, any component of the Accused Product that constitutes a material

- 15 -

part of the claimed invention, or any product that infringes the '871 patent until after the expiration date of the '871 patent, including any extensions and/or additional periods of exclusivity to which Enchanted is, or becomes, entitled;

3.    An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Enchanted for the Defendants's past infringement and any continuing or future infringement up until the date that Defendants is finally and permanently enjoined from further infringement, including compensatory damages;

4.    An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest, expert fees, and costs incurred during this litigation, in accordance with 35 U.S.C. §284;

5.    That Defendants's infringement after service of this Complaint is intentional and knowing infringement and the assessment of three times the damages found for infringement after service of this Complaint, in accordance with 35 U.S.C. §284;

6.    That Defendants be directed to pay enhanced damages, including Enchanted's attorneys' fees incurred during this litigation pursuant to 35 U.S.C. §285; and

7.    Such further relief as this Court deems proper and just, including but not limited to any appropriate relief under Title 35.

Dated August 30, 2019.


OF COUNSEL:

David A. Chavous, Esq.
(Application for Admission *Pro Hac Vice* to
be filed)
CHAVOUS INTELLECTUAL
PROPERTY LAW LLC
793 Turnpike Street, Unit 1
North Andover, MA 01845
Phone: (978) 655-4309
Fax: (978) 945-0549
dchavous@chavousiplaw.com

/ STAMOULIS & WEINBLATT, LLP

/s/ Stamatios Stamoulis
Stamatios Stamoulis #4606
Richard C. Weinblatt #5080
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff*
*Enchanted IP LLC.*